IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 04-1303(GMS) ) |
| AT SYSTEMS ATLANTIC, INC. | ) ) |
| Defendant. | ) |

## CONSENT DECREE

## INTRODUCTION

A. This action was instituted by the United States Equal Employment Opportunity Commission ("the EEOC" or "the Commission") on September 9, 2004, against AT Systems Atlantic, Inc. to enforce provisions of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* (the "ADEA"), which incorporates by reference section 16(c) of the Fair Labor Standards Act of 1938 (the "FLSA"). The EEOC alleged that AT Systems Atlantic, Inc. subjected Robert Gouge to disparate treatment in terms of pay on the basis of his age (55) and subsequently discharged him in retaliation for complaining about the disparate pay issue.

B. This Consent Decree is entered into by the EEOC and AT Systems Atlantic, Inc. This Consent Decree shall be final and binding between the EEOC and AT Systems Atlantic, Inc., its directors, officers, agents, employees, successors or assigns (hereinafter collectively referred to as "Defendant" or "AT Systems Atlantic").

C. The EEOC and AT Systems Atlantic, Inc. do hereby agree to the entry of this Consent Decree, which shall fully and finally resolve all claims which were raised by the

EEOC in its Complaint in Civil Action No. 04-1303. This Consent Decree shall not constitute adjudication of or finding on the merits of the case and shall not be construed by Defendant of any violation of the ADEA.

## CONSENT DECREE

Upon consent of the parties to this action, it is hereby ORDERED, ADJUDGED, and DECREED that:

### NON-DISCRMNATION AND NON-RETALIATION

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. AT Systems Atlantic, Inc. agrees to comply with the ADEA and will not engage in any employment practice which constitutes unlawful discrimination under the Act. Specifically, AT Systems Atlantic, Inc. shall not treat any employee in the protected age category in a disparate manner.

3. AT Systems Atlantic, Inc. will not retaliate in any manner against any person, including but not limited to, Robert Gouge, because of that person's opposition to any practice alleged or believed to be unlawful under the ADEA, or because of the filing of a charge, the giving of testimony or assistance, or the participation in any manner in any investigation, hearing or proceeding under the ADEA.

4. AT Systems Atlantic, Inc. shall not divulge, directly or indirectly, to any employer or potential employer of Robert Gouge, any of the facts or circumstances related to the charge of discrimination against AT Systems Atlantic, Inc., or any of the events relating to Robert Gouge's participation in the litigation of this matter.

5. AT Systems Atlantic, Inc shall comply fully with all provisions of the ADEA. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to

limit or expand the obligations of AT Systems Atlantic, Inc. under the ADEA or the EEOC's authority to process or litigate any charge of discrimination which maybe filed against AT Systems Atlantic, Inc. in the future.

## NON-ADMISSION

6. This Decree is being entered with the consent of the Commission and A.T. Systems Atlantic, Inc. It shall not constitute an adjudication or finding on the merits of this action nor shall not be construed as an admission of liability by AT Systems Atlantic, Inc. in this action or any other charge of discrimination or retaliation claim in any civil or criminal proceeding, or in any other case or controversy of any kind.

## MONETARY RELIEF

7. Defendant Atlantic Systems, Inc. agrees to pay monetary relief in the amount of Sixty Thousand Dollars and No Cents ($60,000.00), less all lawful deductions, in back wages to Robert Gouge, in full settlement of all claims against Defendant which were raised in the EEOC's Complaint. The check for Sixty Thousand Dollars in back wages, less all lawful deductions, will be made payable to "Robert Gouge." In order to receive the monetary relief, Mr. Gouge must execute the General Release he has separately agreed to with AT Systems Atlantic, Inc. and not revoke it within seven (7) days in accordance with the Older Workers Benefit Protection Act. Within fifteen (15) business days of expiration of the revocation period provided for in the General Release, Defendant will mail the check for monetary relief to Mr. Gouge at 1010 Sugartown Circle, Middletown, Delaware 19709. AT Systems Atlantic, Inc. will mail a photocopy of the check to the EEOC, to the attention of M. Jean Clickner, Senior Trial Attorney, EEOC, 1001 Liberty Avenue, Suite 300, Pittsburgh, Pennsylvania 15222, within five days of the date of mailing of the check to Mr. Gouge. Defendant also agrees to reimburse, up to

$500.00, an attorney of Mr. Gouge's choice for the purpose of advising him regarding the required General Release.

## POSTING OF NOTICE

8. Within ten (10) business days after entry of this Decree, AT Systems Atlantic, Inc. shall post same-sized copies of the Notice attached as Exhibit 1 to this Decree on the bulletin board at AT Systems Atlantic, Inc. office at 4200 Governor Printz Boulevard, Wilmington, DE 19801 where employees employed in the Corporate Security Department review notices, bulletins, or announcements. The Notice shall remain posted for one (1) year from the date of entry of this Decree. Counsel for AT Systems Atlantic, Inc. shall provide a copy of the Notice, and an indication of the date and location of its posting, to the EEOC's Philadelphia District Office, attention, M. Jean Clickner, Senior Trial Attorney, within ten (10) days of the posting. AT Systems Atlantic, Inc. shall permit a representative of the EEOC to enter AT Systems Atlantic, Inc.'s premises for purposes of verifying compliance with this Paragraph at anytime during normal business hours without prior notice. The EEOC acknowledges, however, that AT Systems Atlantic, Inc.'s premises are a secure facility and that its representatives must abide by all security regulations. AT Systems Atlantic, Inc. shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. Should the posted copies become defaced, removed, marred, or otherwise illegible, Defendant agrees to immediately post a readable copy in the same manner as heretofore specified.

## TRAINING

9. Defendant shall provide training on the requirements of the ADEA on the following terms:

(a) For the duration of this Decree, Defendant agrees to provide annual training sessions to its Corporate security employees by a trainer or vendor approved by the EEOC to provide training on an employee's rights and the employer's obligations under The ADEA. This training will emphasize what constitutes unlawful discrimination, how to keep the company free of any such form of discrimination, and what constitutes unlawful retaliation.

(b) The training will also be provided to all AT Systems Atlantic, Inc. managers, supervisors in the Corporate Security Department and Human Resource employees. A registry of attendance shall be retained by AT Systems Atlantic, Inc. for the duration of the Consent Decree.

(c) AT Systems Atlantic, Inc. shall first provide training in accordance with Paragraph 9(a) by no later than 180 calendar days of the entry of this Consent Decree. AT Systems Atlantic, Inc. shall then also provide such training on at least one occasion in calendar year 2006.

10. In addition to the training described in Paragraph 9, Defendant shall provide training to the identified staff regarding conducting a prompt and effective, investigation into allegations, complaints, or charges of employment discrimination.

11. AT Systems Atlantic, Inc. shall obtain the EEOC's approval of its proposed trainer prior to each year's training sessions. AT Systems Atlantic, Inc. shall submit the name, address, telephone number and resume of the proposed trainer, together with the date(s) of the proposed training sessions to the EEOC within thirty (30) calendar days prior to the first day of the proposed date(s) of training. The EEOC shall have ten (10) calendar days from the date of receipt of the information described above to accept or reject the proposed trainer(s). Approval of the proposed trainer will not be unreasonably denied. In the event, however, that

the EEOC does not approve AT Systems Atlantic, Inc.'s designated trainer(s), AT Systems Atlantic, Inc. shall have ten (10) calendar days to identify an alternate trainer. The EEOC shall have ten (10) calendar days from the date of receipt of the information described above to accept or reject the alternate trainer (s). Approval of the proposed alternate trainer will not be unreasonably denied. In the event the EEOC does not approve AT Systems Atlantic, Inc.'s alternate trainer, the EEOC shall designate the trainer to be retained and paid for by AT Systems Atlantic, Inc. at reasonable and customary rates.

12. AT Systems Atlantic, Inc. agrees to provide the EEOC with any and all copies of pamphlets, brochures, outlines or other written materials provided to the participants of the training sessions. The EEOC's approval of a designated trainer to provide training for first year of this Consent Decree does not require it to approve the same trainer for the following year.

13. AT Systems Atlantic, Inc. shall certify to the EEOC in writing with ten (10) business days after the training sessions requited by Paragraphs 9 and 10 above have occurred that the training has taken place and that the required personnel have attended. Such certification shall include: (i) the dates, location and duration of the training session; (ii) a copy of the registry of attendance, which shall include the name and position of each person in attendance; and (iii) a listing of all current employees, including temporary employees, as of the date of the training.

## DISPUTE RESOLUTION

14. In the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance within ten (10) days of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has

complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

## MISCELLANEOUS PROVISIONS

15. Each party to this Decree shall bear its own expenses, costs and attorneys' fees.

16. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, assigns, and successors of AT Systems Atlantic, Inc. in their capacities as representatives, agents, directors and officers of AT Systems Atlantic, Inc., and not in their individual capacities. This paragraph shall not be construed as placing any limit on remedies available to the Court in the event that any individual is found to be in contempt for a violation of this Decree.

17. This Consent Decree shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 04-1303 (GMS).

18. This Consent Decree shall be filed in the United States District Court for the District of Delaware and shall continue to be in effect for a period of two (2) years. Any application by any party to modify or vacate this Consent Decree during such period shall be made by motion to the Court on no less than thirty (30) days notice to the other party.

19. The Court retains jurisdiction over this case in order to enforce the terms of the Consent Decree.

20. The Clerk of the District Court is hereby directed to send a file-stamped copy of this Consent Decree to counsel of record.

FOR AT SYSTEMS ATLANTIC, INC.:

_/s/ Barry M. Willoughby_
Barry M. Willoughby, Esq.
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

FOR THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

ERIC S. DREIBAND
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

_/s/ Jacqueline H. McNair_
JACQUELINE H. McNAIR
REGIONAL ATTORNEY

_/s/ Judith O'Boyle_
JUDITH O'BOYLE
SUPERVISORY TRIAL ATTORNEY

_/s/ M. Jean Clickner_
M. JEAN CLICKNER
SENIOR TRIAL ATTORNEY
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1001 LIBERTY AVENUE, SUITE 300
PITTSBURGH, PA 15222

                                                COLM F. CONNOLLY
                                                UNITED STATES ATTORNEY

                                                */s/ Douglas E. McCann*
                                                DOUGLAS E. McCANN
                                                Assistant United States Attorney
                                                U.S. Dept. of Justice
                                                1007 Orange Street, Suite 700
                                                Wilmington, Delaware 19899-2046
                                                (302) 573-6277 x168
                                                DE BAR ID NO. 3852
                                                Attorney for Plaintiff

BY The COURT:
DATE: _____

                                                GREGORY M. SLEET
                                                UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

EXHIBIT I

NOTICE TO ALL AT SYSTEMS ATLANTIC, INC. EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in *EEOC v. AT Systems Atlantic, Inc.*, Civil Action Number 04-1303 (D. DE.), resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against AT Systems Atlantic, Inc.

The Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, as amended, ("the ADEA"), prohibits discrimination against employees and applicants for employment based upon their age. The ADEA further prohibits retaliation against employees or applicants who avail themselves of the rights under the ADEA by engaging in protected activities, such as complaining internally of age discrimination, filing a charge of discrimination and/or testifying or participating in a Commission investigation. The EEOC is the federal agency which investigates charges of unlawful employment discrimination. The EEOC has the authority to bring lawsuits in federal court to enforce the ADEA.

In its lawsuit, the EEOC alleged that AT Systems Atlantic, Inc. subjected an employee to disparate treatment based on his age and discharged him in retaliation for complaining of the same, in violation of the ADEA. AT Systems Atlantic, Inc. denies these allegations.

To resolve the case, AT Systems Atlantic, Inc. and the EEOC entered into a Consent Decree which provided, among other things, that: (1) AT Systems Atlantic, Inc. will not discriminate on the basis of age; (2) AT Systems Atlantic, Inc, will not retaliate against any person because he or she opposed any practice made unlawful by the ADEA, filed a charge of discrimination, participated in any ADEA proceeding, or asserted any rights under the Consent Decree; and (3) AT Systems Atlantic, Inc. will train designated employees regarding age discrimination and the anti-retaliation provisions of the ADEA.

If you believe you have been discriminated against, you may contact the EEOC at (800) 669-4000. The EEOC charges no fees and has employees who speak languages other than English.

THIS IS AN OFFCIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for two years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to the: Regional Attorney, EEOC Philadelphia District Office, 21 South 5th Street, Philadelphia, PA 19106.

_____
U.S. Equal Employment Opportunity
Commission

DATED: 8/4/05

_____
AT Systems Atlantic, Inc.

DATED: August 2, 2005